UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN HEALY, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 567 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| MODERNE CAPITAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Sean Healy brings this diversity suit against his former employer, Moderne Capital, LLC, alleging violations of Illinois law. Docs. 2, 12. Moderne moves under Civil Rule 12(b)(6) to dismiss the complaint. Doc. 19. The motion is granted in part and denied in part, and Healy will be given an opportunity to replead.

**Background**

In resolving Moderne's Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Healy's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Healy as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

While employed by Home Depot in North Carolina, Healy was contacted by his Harvard Business School classmate, Lindsay Hyde, asking if he would be interested in a venture capital role at Moderne. Doc. 2 at ¶¶ 1-2. After phone interviews with Moderne managing partners Liza Benson and Constance Freedman, Healy flew to Chicago for an interview. *Id*. at ¶¶ 3-5. On June 7, 2019, Moderne offered Healy a job. *Id.* at ¶ 6. The offer provided that his employment would be "on an *at-will* basis"—that is, it was "not guaranteed for any period or on any particular terms," and he or Moderne could "terminate [his] employment at any time, with or without cause and with or without prior notice." *Id*. at p. 27.

Healy had reservations about joining Moderne due to the personal and professional risks posed by leaving Home Depot and moving to Chicago. *Id*. at ¶¶ 7-8. In a phone call on June 9, 2019, Healy discussed those concerns with Benson, who responded that joining Moderne would "open doors for [him] in the venture space and … prove to be long-lasting." *Id*. at ¶¶ 7, 76. On June 10, 2019, Healy had a phone call with Freedman and expressed concerns about the career risks of accepting Moderne's offer. *Id*. at ¶¶ 8-9. Freedman assured Healy that joining Moderne would be a safe bet, and the two reached a verbal agreement that Healy's move from North Carolina to Chicago would be postponed for a year. *Id*. at ¶¶ 8-9, 79.

Healy consulted "SEC Form D filings and ascertained that [Moderne] had raised $42.7 million in total as of mid-2018." *Id*. at ¶ 12. Freedman told Healy "that [Moderne] had in fact 'soft-circled' $40 to $50 million for [a] new fund[,] which was looking to raise $150 million." *Id*. at ¶¶ 65, 92, 98. In the venture capital field, "soft-circled" means that "investors had verbally committed to investing" that amount. *Id*. at ¶¶ 65, 92. Freedman's statement "convinced [Healy] that he was joining a financially solid company with funding adequate to pay not only his salary and benefits but also other company financial obligations." *Id*. at ¶¶ 66-69. In fact,

Freedman's statement was false, as "only $2.5 million had been verbally committed," *id*. at ¶¶ 65, 70, 92, and "the firm … was struggling financially and in need of raising money in order to stay viable," *id*. at ¶ 39. Freedman knew Moderne's actual financial condition and intentionally misrepresented it to Healy even though Moderne's weak financials could compromise its ability to pay Healy. *Id*. at ¶¶ 97-98.

Healy accepted Moderne's offer on June 10, 2019, provided two weeks' notice to Home Depot, and began working for Moderne. *Id*. at ¶¶ 14-16. In leaving Home Depot, Healy gave up opportunities for professional advancement with that organization. *Id*. at ¶¶ 81-83. Healy would not have accepted the position with Moderne had he known that Freedman's representations about its financial condition were false. *Id*. at ¶¶ 84, 95-96.

Moderne terminated Healy for "lack of fit and unexpected costs" on October 10, 2019. *Id*. at ¶ 33.

## Discussion

The complaint sets forth three counts: (1) equitable estoppel, *id*. at ¶¶ 37-85; (2) fraud, *id*. at ¶¶ 86-100; and (3) punitive damages, *id*. at ¶¶ 101-106. Healy agrees that the punitive damages count should be dismissed, Doc. 25 at 13, but defends the other two.

**I.     Equitable Estoppel Claim**

Moderne argues that Illinois law does not recognize equitable estoppel as a cause of action. Doc. 20 at 1, 8-9. It is correct. *See Matthews v. Chi. Transit Auth.*, 51 N.E.3d 753, 780 n.11 (Ill. 2016) ("Promissory estoppel is distinguished from equitable estoppel in that the former allows a party to pursue a claim for damages based on breach of a gratuitous promise of future conduct, and the latter is used as a defense to preclude a party from denying a representation of past or existing fact."); *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 526 (Ill. 2009) ("[P]romissory estoppel has specifically been distinguished from equitable estoppel

3

because the latter 'is available only as a defense, while promissory estoppel can be used as the basis of a cause of action for damages.'") (quoting 28 Am. Jur. 2d Estoppel & Waiver § 35, at 465 (2000)).

Rather than seek to recharacterize his claim, Healy doubles down on the proposition that Illinois law recognizes equitable estoppel as a cause of action. Doc. 25 at 4-6. In support, Healy cites *Teamsters & Employers Welfare Trust of Illinois v. Gorman Brothers Ready Mix*, 283 F.3d 877 (7th Cir. 2002), but that case holds only that equitable estoppel may be used to toll a statute of limitations, and does not suggest that equitable estoppel is an independent cause of action. *Id*. at 881-82. Healy's equitable estoppel count accordingly is dismissed.

### B. Fraud Claim

"The elements of a claim of fraudulent misrepresentation in Illinois are: (1) [a] false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (alteration in original) (internal quotation marks omitted). Healy alleges that Moderne misrepresented its financial condition by, among other things, falsely telling him that investors had verbally committed to investing 40 to 50 million dollars for a new fund. Doc. 2 at ¶¶ 65-70, 92, 98-99; Doc. 25 at 10-12. Healy further alleges that Moderne knew that statement to be false, that it intended him to act on the statement, that he relied on the statement, and that he suffered damage from his reliance. Doc. 2 at ¶¶ 70-72, 79-86, 92-98, 100; Doc. 25 at 10-14.

In seeking dismissal, Moderne contends that its statement that it had soft-circled 40 to 50 million dollars for a new fund is a statement of future conduct and thus not actionable. Doc. 20 at 11, 13; Doc. 30 at 4-5. In support, Moderne cites *Van Pelt v. Bona-Dent, Inc.*, 2018 WL

2238788 (N.D. Ill. May 16, 2018), where the court held that the defendant's statement that the plaintiff would have longevity in his position with the company was not actionable because it was a statement of future intent and because the plaintiff had not alleged a scheme to defraud. *Id*. at *5. Healy distinguishes *Van Pelt* on the ground that Moderne's statement that it had soft-circled 40 to 50 million dollars was a statement of present fact, not future conduct. Doc. 25 at 11-12. Healy is correct. Although Moderne's statement concerned "the amount of money that investors had verbally committed to make in a future fund, not what had actually been invested at the time of the alleged statement," Doc. 30 at 5-7, Healy's allegation is that Moderne falsely stated not that the investors would *actually make* those investments, but that the investors had *verbally committed* to do so, which was a statement of present fact and not future conduct.

Moderne next argues that Healy's recognition that joining Moderne would be a "career risk" and his sophistication as a Harvard Business School graduate undercut his claim that its statements were material and that he was "duped" by them. Doc. 20 at 12; Doc. 30 at 5-6. That argument fails because the court on a Rule 12(b)(6) motion must credit Healy's allegations that he relied on Moderne's representations regarding its financial health in deciding to quit his Home Depot job and accept Moderne's offer. *See Zahn*, 815 F.3d at 1087.

Finally, Moderne contends that any reliance Healy placed on its alleged misrepresentations could not have harmed him because he was terminated for "unrelated reasons." Doc. 20 at 13-14. That contention fails. Healy alleges that he was terminated, at least in part, because of how much his employment cost Moderne, which suggests the importance of Moderne's alleged misrepresentations regarding its financial health. Doc. 2 at ¶¶ 28, 33, 98. Moreover, Healy alleges that Moderne's misrepresentations caused him harm in that they led him to leave his secure job at Home Depot, something he would not have done absent those

misrepresentations. *Id*. at ¶¶ 80-84, 100. At the pleading stage, those allegations suffice to allege reliance. *See Johnson v. Waterfront Servs. Co.*, 909 N.E.2d 342, 349-51 (Ill. App. 2009) (holding that the plaintiff's fraud claim survived summary judgment where "a reasonable trier of fact could find that defendants issued misrepresentations designed to induce [the] plaintiff to change his employment").

## Conclusion

Moderne's motion to dismiss is granted in part and denied in part. The punitive damages count is dismissed, though without prejudice to Healy seeking punitive damages as a remedy on another claim. What Healy has characterized as an equitable estoppel count is dismissed without prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Healy has until August 25, 2020 to file an amended complaint. If Healy does not file an amended complaint, his original complaint will be the operative pleading, the dismissal of the equitable estoppel count will convert automatically to a dismissal with prejudice, and Moderne shall answer the surviving portions of the original complaint by September 11, 2020. If Healy files an amended complaint, Moderne will have until September 11, 2020 to file a responsive pleading.

August 4, 2020 _____
United States District Judge